[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION de PLAINTIFF'S MOTION TO REOPEN, CLARIFY AND CORRECT DATED JANUARY 24. 1997 (#149)
This court addressed the plaintiff's motion dated June 18, 1999 by memorandum dated November 12, 1999. It failed to address or dispose of an earlier motion of the plaintiff dated January 24, 1997 (#149) which was originally referred to the late Judge Margaret Driscoll. She never acted on the referred motion.
Judge Driscoll conducted a hearing on the plaintiffs motion for contempt and the defendant's motion seeking a determination of arrearage he claimed was due him from the plaintiff. The disagreement grew out of a separation agreement that was approved at the time the dissolution decree was entered on January 31, 1992. Three issues were framed by the pleadings that required judicial rulings. The first involved commissions paid by or due from defendant's business to plaintiff The second issue in dispute was the parties' respective responsibility for the college expenses for their three children.
Judge Driscoll disposed of the commissions claim by holding that "the plaintiff is entitled to receive $12,060.00 from the defendant."
The second issue is that the defendant "failed to pay the interest on the third mortgage on the house in accordance with paragraph 5.4 of the separation agreement." Judge Driscoll disposed of this issue by holding that "the defendant owes the plaintiff the sum of $20,981.70."
The remaining issue concerned the defendant's obligation to pay the first $185,000 for the college expenses of their three children. The parties agreed that the defendant paid $52,367.40 for Marissa, and $19,000.00 for Michael, the two younger children. The parties disputed the amount paid by the defendant for Anthony the oldest child. Judge Driscoll ruled that the defendant paid $81,202.41 for Anthony. The opinion added the three amounts for a total of $151,955.78 (sic) which was then deducted from the $185,000.00. The court correctly stated the CT Page 8147 balance to be $32,429.69. The correct balance is arrived at as follows:
 $ 52,367.40 Marissa 19,000.00 Michael 81,202.91 Anthony 152,570.31 Sub Total 32,429.69 Due Plaintiff $185,000.00 Total
This court summarizes the findings as follows:
 Due plaintiff from defendant: Education expenses[1] $32,429.69 Telephone 1,986.70 Medical 1,291.16 Third mortgage interest 20,981.70 Commissions 12,060.00
$68,749.25 Less: agreed credit due defendant Net due plaintiff from defendant 32,827.43
This decision is dated on August 15, 1996 (#142).
By motion (#144) dated August 27, 1996, the plaintiff requested the court to reopen, clarify and correct certain aspects of her decision.
First, the plaintiff questioned the finding that the defendant paid $81,202.91. The plaintiff alleged that the testimony and exhibits in the record proved the defendant paid only $57,428.23. The court refused to reconsider her earlier finding in her decision filed January 16, 1997.
The second issue raised in the plaintiff's motion is the court's failure to consider and rule on the 50/50 split of college expenses between the parties after the $185,000.00 threshold was reached.
The court's opinion made no finding regarding the amount the plaintiff spent on college expenses. The motion asserts that the plaintiff paid $94,646.52 for the college expenses of their three children.
The court ordered the defendant to pay "50% of the college expenses which she paid or $7160." This figure is incorrect and the only explanation for the number is that it is found in the plaintiffs memo of law at page 14 but it is only part of the formula submitted by the plaintiff in her memo.
The court's memorandum dated January 14, 1997 (#146) addressed to this CT Page 8148 motion, did find that the defendant owed plaintiff an additional $3,984.01 for Michael's educational expenses. The defendant had received credit for a payment he did not make.
This articulation prompted the plaintiff to file the motion dated January 24, 1997 (#149) which is the subject of this memorandum. Judge Driscoll was unable to act upon the motion prior to her death. The parties stipulated that the undersigned be authorized to rule on the said motion.
In said motion the plaintiff again alleges that the plaintiff paid $94,646.52. On March 14, 1996 the plaintiff testified that between January 1992 to said date she paid educational expenses for their children as follows:
 Anthony $30,580.70 Marissa 44,527.00 Michael 19,538.82
Total $94,646.52
No other testimony or evidence contradicted the plaintiffs assertions. This court finds the plaintiffs testimony to be true.
Therefore, after the plaintiff receives the $32,429.69 due from defendant to complete his 100% basic obligation for educational expenses, there remains $62,216.83 for which the plaintiff is entitled to 50% reimbursement from the defendant or $31,108.42.
The rulings made in the memoranda dated August 15, 1996 and January 14, 1997 are both reopened only for correction as set out in this memorandum of decision. In summary, the August 15, 1996 ruling ordered the defendant to pay to the plaintiff $35,827.43. The January 14, 1997 ruling ordered an additional $3,984.00 paid by the defendant to the plaintiff. This memorandum orders the defendant to pay to the plaintiff an additional $31,108.42. All rulings are reentered as corrected.
No interest or attorney's fees are awarded. The defendant shall make monthly payments of $10,000.00 commencing on August 15, 2000 until the entire obligation of $70,919.85 has been paid.
 So Ordered. Harrigan, J.